UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUANITA J. MILLS,

    Plaintiff,                  CIVIL ACTION NO. 09-14008

v.                          DISTRICT JUDGE MARIANNE O. BATTANI
                              MAGISTRATE JUDGE DONALD A. SCHEER

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as substantial evidence exists on the record that claimant remains capable of performing a significant number of jobs in the economy.

\* \* \*

Plaintiff filed applications for Social Security Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits on March 9, 2006, alleging that she had been disabled and unable to work since December 24, 2005, at age 41, due to a schizo-affective disorder and a history of poly-substance dependence. Benefits were denied by the Social Security Administration. A requested de novo hearing was held on October 28, 2008, before Administrative Law Judge (ALJ) Deborah A. Arnold.

The ALJ found that the claimant was not entitled to disability benefits because she retained the ability to perform a significant number of jobs existing in the economy. The Administrative Law Judge determined that the claimant could work at all exertional levels from sedentary to heavy, but could not perform complex job assignments or work involving more than minimal contact with supervisors, co-workers or the general public. The Appeals

Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Claimant was 44 years old at the time of the administrative hearing (TR 23). She had an eighth grade education, and had been employed as a fast food worker (TR 23). Claimant alleges that she was unable to return to her previous job due to mental difficulties (TR 23). She testified that there were days that she did not want to get up or leave the house due to bouts of paranoia (TR 24). Plaintiff stated that she experienced auditory hallucinations, and that her sleep was often interrupted by traumatic memories (TR 24-25). Medications allegedly provided only temporary relief (TR 27). Plaintiff claimed that she sometimes had difficulty understanding and communicating with other people (TR 34). She remained capable of taking care of her apartment with the help of her boyfriend (TR 25).

A Vocational Expert, Harry Cynowa, classified claimant's past work as light, unskilled activity (TR 37). If the claimant was physically capable of performing simple, repetitive tasks with only superficial interaction with others, the witness testified that there were numerous unskilled visual inspection, assembly and hand packaging jobs that Plaintiff could perform (TR 38-39).

LAW JUDGE'S DETERMINATION

The Administrative Law Judge found that Plaintiff was impaired as a result of a schizo-affective disorder and a history of poly-substance dependence, but that her impairment was not severe enough to meet the Listing of Impairments. The ALJ recognized that the claimant's mental impairment precluded her from performing complex tasks, and

from work requiring frequent contact with the general public, supervisors and/or co-workers. Nonetheless, the ALJ found that Plaintiff retained the residual functional capacity to perform a reduced range of heavy, light and sedentary unskilled work, within those limitations, as identified by the Vocational Expert.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

In the instant case, Plaintiff maintains that her mental disorder prevented her from returning to work. The law is clear, however, that the mere existence of an impairment, even a severe one, will not entitle the claimant to disability benefits unless the impairment prevents her from returning to her previous work or any other substantial, gainful activity existing in the national economy, considering her age, education and work experience. 42 U.S.C. § 423(d)(2)(A), 20 C.F.R. § 416.1505 (2010).

DISCUSSION AND ANALYSIS

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a restricted range of work at all exertional levels. The medical evidence, as a whole, failed to provide objective support for Plaintiff's allegations of severe and totally disabling functional limitations stemming from her mental difficulties and history of poly-substance abuse.

The claimant maintains that the ALJ erred in finding that she had the residual functional capacity to perform work involving simple, repetitive tasks with only superficial interaction with others. Although the Law Judge found the presence of a mental impairment identified in the "A" criteria (schizo-affective disorder), the evidence failed to establish significant functional limitations identified in the four categories of the "B" criteria.

The evidence of record shows that Plaintiff remains capable of performing a variety of daily activities and that she is able to communicate effectively with others.[1] Dr.

---

[1] The first area of the B criteria, known as "activities of daily living", includes cleaning, shopping, cooking, maintaining a residence, using the telephone and caring for one's grooming and hygiene. The second area, social functioning, refers to an individual's capacity to interact appropriately and communicate effectively with others, including family, friends and merchants.

Khademian, a reviewing state agency physician, reported in June 2006, that the claimant had only moderate restrictions in activities of daily living (TR 300, 305, 307). The assessment was based, in part, on Plaintiff's testimony that he was able to perform household chores with the help of her boyfriend, go shopping, attend weekly church services and prepare meals (TR 25). While Plaintiff allegedly had difficulty interacting with others, Dr. Khademian concluded that she remained capable of performing simple tasks on a regular basis (TR 295). Given this evidence, the Law Judge reasonably determined that claimant's daily activities and social functioning were, at most, moderately restricted.

While Plaintiff alleged that her depression interfered with her memory and ability to concentrate,[2] she also indicated that she was able to read, watch television and take care of her apartment with help from her boyfriend (TR 25-26). The ability to watch televison or complete household chores stands in sharp contrast to her allegation that she suffered from a complete inability to concentrate. Dr. Purohit, a treating psychiatrist, reported in December 2007, that Plaintiff was well oriented, logical and goal directed. Sensorium and cognition were said to be intact, and her judgment was not impaired (TR 250, 504). Moreover, a social worker, employed by Dr Purohit, indicated in February 2008, that Plaintiff demonstrated improved orientation to reality and judgment (TR 444). Dr. Purohit added in October 2008, that the claimant had no suicidal thoughts, and that her memory was intact (TR 491-499). Furthermore, the claimant's ability to complete simple tasks, perform household chores and maintain a relationship with her boyfriend suggests that she

---

[2]The third area of function evaluated under the "B" criteria is concentration, persistence, and pace, which refers to the "ability to sustain focused attention sufficiently long to permit the timely completion of tasks commonly found in work settings." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00(C)(3).

retained at least a minimal level of concentration as would be required in performing the unskilled jobs identified by the Vocational Expert.

The last area of function under the "B" criteria is deterioration or decompensation in work or work-like settings, which refers to the "repeated failure to adapt to stressful circumstances which cause the individual either to withdraw from that situation or to experience exacerbation of signs or symptoms." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00(C)(4). Dr. Khademian indicated in June 2006, that the claimant could maintain socially appropriate behavior, and keep up basic standards of neatness and cleanliness. The doctor added that Plaintiff could make simple, work-related decisions, and independently perform routine, repetitive tasks. Claimant reportedly had the capacity to understand, remember and carry out short, simple instructions (TR 300, 305, 307). Dr. Purohit often noted that Plaintiff was "maintaining", and that she was alert and well oriented (TR 244-248, 491-499, 520-528). No physician imposed a specific work preclusive limitation on claimant's functioning. Although Plaintiff contends that depression and anxiety caused profound cognitive limitations, her depressed mood showed much improvement following a six day voluntary hospitalization in February 2008 (TR 408-484).

The claimant's mental difficulties are no doubt exacerbated by the debilitating effects from her history of poly-substance drug abuse[3]. Nevertheless, the medical evidence failed to show that the claimant has suffered lengthy episodes of decompensation. Plaintiff's ability to speak in a logical, coherent manner while remaining well organized (TR 250, 491-499, 504) suggests that she does not suffer disabling anxiety or depression. Furthermore,

---

[3]Plaintiff reported numerous hospitalizations for mental conditions caused by past abuse of alcohol, marijuana and crack cocaine (TR 529).

**6**

the types of unskilled jobs identified by the Vocational Expert (assembly, sorting and packaging) would not cause a great deal of stress. These entry level jobs did not involve interaction with the public (TR 38-39). The Law Judge properly found that the degree of limitation for each of the four "B" criteria was only moderate and not severe. As a result, Plaintiff did not meet the requirements of the Listing of Impairments.

Plaintiff relies heavily upon the fact that Dr. Purohit described her as unemployable[4] (TR 318). It is well settled that opinions of treating physicians should be given greater weight than those of one-time examining doctors retained by the government. Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980). However, the opinion of a treating physician is entitled to deference only if his clinical findings are uncontradicted by substantial medical or other evidence, and if the opinion is based on detailed, clinical, diagnostic evidence. Harris v. Heckler, 756 F.2d 431, 435 (6th Cir. 1985). Since Dr. Purohit offered little objective evidence to support his conclusion of disability, his opinion need not have been given any special weight[5]. Miller v. Secretary, 843 F.2d 221, 224 (6th Cir. 1988). Under

---

[4]In cases where, as here, the Appeals Council declines to review the ALJ's decision, judicial review is limited to the evidence that was part of the record before the Law Judge. Cotton v. Sullivan, 2 F.3rd 692 (6th Cir. 1993); Casey v. Secretary, 987 F.2d 1230, 1233 (6th Cir. 1993); Wyatt v. Secretary, 974 F.2d 680, 685 (6th Cir. 1993). Consequently, the October 2008 and March 2009, treatment notes from Dr. Purohit, submitted to the Appeals Council only (TR 553-557), was not considered by the undersigned. These reports cannot serve as the basis for a remand order under sentence six of the Social Security Act because Plaintiff failed to demonstrate good cause for not submitting the evidence earlier to the ALJ.

[5]The ALJ rejected the doctor's opinion, setting forth persuasive reasons for doing so. A review of Dr. Purohit's treatment notes shows he documented few objective test results. There were no persistent findings of incapacity in the record (TR 14-15). Indeed, it appears the doctor's statement of disability was based primarily on Plaintiff's subjective complaints, rather than the objective medical evidence.

these circumstances, the totality of the evidence must be considered. Landsaw v. Secretary, 803 F.2d 211, 213 (6th Cir. 1986).

It is the rare case, the exception, in which every piece of evidence points incontrovertibly toward a decision to deny benefits. There was evidence in the record which, taken in isolation, might suggest that the Plaintiff was totally disabled and that her testimony was fully credible. However, special deference is owed to the credibility findings of the ALJ, who was the only one who had the opportunity to observe the demeanor of the witness, evaluate what was said and how it was said, and to consider how that testimony fit in with the rest of the medical evidence. Such observation is invaluable and should not be discarded lightly. Beavers v. Secretary, 577 F.2d 383 (6th Cir. 1978). See also Williamson v. Secretary, 796 F.2d 146, 150 (6th Cir. 1986).

By establishing that she could not return to her past relevant work, the Plaintiff here effectively shifted to the Commissioner the burden of proving that she had the vocational qualifications to perform alternative jobs in the economy, notwithstanding his various impairments. The Commissioner, however, met his burden of proving the existence of jobs which accommodated claimant's known restrictions. In response to hypothetical questions that took into consideration claimant's educational and vocational background, along with her significant impairments, the Vocational Expert testified that there were numerous unskilled visual inspection, assembly and hand packaging jobs that Plaintiff could perform with minimal vocational adjustment (TR 38-39). These simple, routine jobs involved only minimal contact with others. Given the objective clinical findings of the examining physicians of record, substantial evidence existed on the record that Plaintiff retained the residual functional capacity for a restricted range work at all exertional levels.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Donald A. Scheer  
DONALD A. SCHEER  
UNITED STATES MAGISTRATE JUDGE

DATED: August 20, 2010

## CERTIFICATE OF SERVICE

       I hereby certify on August 20, 2010 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on August 20, 2010: **None.**

                                        s/Michael E. Lang
                                        Deputy Clerk to
                                        Magistrate Judge Donald A. Scheer
                                        (313) 234-5217